UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FRANTZ JEANCHARLES,

                Petitioner,

      -against-                              **MEMORANDUM AND ORDER**
                                                20-CV-4953 (GRB)
EARL BELL,

                Respondent.
----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

      Petitioner Frantz JeanCharles ("Petitioner"), through counsel, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for one count of Course of Sexual Conduct Against as Child in the First Degree in the Supreme Court of the State of New York, County of Suffolk (the "trial court"). On this petition, Petitioner raises several claims as follows:

- Purportedly unfair prosecution comments during summation;

- Trial court error by allowing police witness to vouch for complainant's credibility;

- Improper admission of Petitioner's statements on the grounds that they were unknowing and involuntary.

Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

1

**I. FACTUAL BACKGROUND**

A review of the petition, filings by the Respondent and the state court record[1] reveals that the Petitioner was convicted by a jury after trial, during which the prosecution introduced evidence demonstrating that Petitioner sexually abused his then-girlfriend's daughter, BLB, from ages 8 to 13 years old. At trial, BLB was seventeen years old. BLB's mother worked two jobs, and, while her mother was in a relationship with Petitioner, Petitioner would often babysit BLB and her younger sister when alternative childcare was not available. (May 4, 2017 Tr. 32.) BLB testified that, on the first occasion of sexual abuse in February 2008, Petitioner called her into a bedroom and told her to come lay next to him on the bed under the covers. (May 4, 2017 Tr. 40-44.) At that time, Petitioner rubbed BLB's vagina over her clothes, exposed his penis and asked her to touch it. (May 4, 2017 Tr. 44-46.) The last incident of sexual abuse occurred in 2012, after Superstorm Sandy; BLB laid down next to Petitioner and he rubbed her vagina under her clothes. (May 4, 2017 Tr. 49-52.) Petitioner stopped after a few seconds and told BLB to go back to her room because BLB's grandmother was at home and he did not want her to become suspicious. (May 4, 2017 Tr. 53.) BLB testified that there were "countless" occasions of sexual contact between the first and last instances of abuse but could not remember specific dates. (May 4, 2017 Tr. 53-54.) However, BLB testified that, between 2008 and 2012, the sexual abuse included acts such as Petitioner performing oral sex on her, BLB performing oral sex on Petitioner, Petitioner rubbing his bare penis against her vagina, Petitioner inserting his finger into her anus, and Petitioner putting his mouth on her anus. (*See generally* May 4, 2017 Tr. 54-64.)

BLB did not disclose the incident until she told her school counselor in March 2016 after her mother had ended her relationship with Petitioner. (May 4, 2017 Tr. 6, 78.) BLB's school

---

[1] The trial of People v. JeanCharles took place on April 27, 2017, May 1, 2017, May 3-5, 2017, and May 9-11, 2017, of which each date is a separately numbered transcript of trial minutes. As such, each transcript will be referenced herein by "Tr." preceded by the date.

2

counselor contacted Child Protective Services, Victim Information Services, and BLB's mother. (May 4, 2017 Tr. 9-11.)

Detective Reppenger of the Suffolk County Police Department Special Victims Unit interviewed BLB and took her statement. (May 5, 2017 Tr. 37.) On August 24, 2016, Detective Reppenger interviewed Petitioner as part of his investigation. (May 5, 2017 Tr. 41.) Petitioner was not under arrest and agreed to accompany Detective Reppenger and his partner to the precinct to discuss the matter. (*Id.*) Prior to interviewing Petitioner, Detective Reppenger read Petitioner his *Miranda* rights, which Petitioner waived before giving a statement.[2] (May 5, 2017 Tr. 46, 49-50, 56.) Petitioner initially denied the allegations against him and told detectives that BLB was a very sexual child who enjoyed watching pornography and made sexual advances towards him from the time she was 8 years old. (May 5, 2017 Tr. 55-56.) At the end of the interview, Petitioner admitted that he did put his mouth on BLB's vagina and allowed her to touch his penis. (May 5, 2017 Tr. 56.)

At trial, Detective Reppenger's testified that, during his interview with Petitioner, he informed Petitioner of the specific instances of abuse alleged by BLB and told him that she seemed very credible and honest to him. (May 5, 2017 Tr. 54.) The trial court overruled an objection by defense counsel to Detective Reppenger's finding of credibility on the grounds that

---

[2] Prior to trial, a suppression hearing was held on February 27, 2017 (Hr'g Tr.) to determine the admissibility of Petitioner's statements. During the hearing, Detective Reppenger testified to the circumstances of his interview of Petitioner on August 24, 2016. The detective testified that when he and his partner first approached Petitioner, they identified themselves as police officers, explained that his name came up in an investigation, and asked whether he would accompany them to the precinct. (Hr'g Tr. 9.) Petitioner agreed and was not restrained and walked freely to the police vehicle. (Hr'g Tr. 9-10.) Detective Reppenger brought Petitioner into an interview room where he read Petitioner his *Miranda* rights using a standard form, and after each right Petitioner noted that he understood and signed his initials "FJC", and signed his name at the end of the form. (Hr'g Tr. 13-18.) After signing the *Miranda* waiver, Petitioner stated he was willing to speak with the detectives. (Hr'g Tr. 18.) Detective Reppenger wrote down the substance of the conversation, reviewed it with Petitioner, Petitioner made corrections and signed the statement. (Hr'g Tr. 23-25.) Following the suppression hearing, the court issued a decision finding that Petitioner knowingly waived his *Miranda* rights and the statements he gave after waiving those rights was voluntary. (Hr'g Dec., March 16, 2017, DE 8-2, ECF pp. 451-53.)

3

the testimony was not offered for its truth, that BLB was actually credible, but that it was said to Petitioner during the course of the interview. (May 5, 2017 Tr. 54.)

After the prosecution rested, and defense counsel's motion to dismiss was denied, the defense did not present a case. (May 5, 2017 Tr. 153-155.) During summations, defense counsel attacked BLB's credibility by pointing to her failure to identify dates and times of the sexual abuse. Defense also argued that BLB had a motive to lie by suggesting that BLB was angry that Petitioner refused to provide financial support to BLB and her mother. (May 11, 2017 Tr. 22-25, 29-30.) Defense counsel further argued that Detective Reppenger falsified Petitioner's confession in order to corroborate BLB's story. (May 11, 2017 Tr. 31-33.) During the prosecution's summation, and in rebuttal to defense counsel's arguments, the prosecution argued the following:

| | |
|---|---|
| [PROSECUTION]: | So people that decided that they're going to have sex with a seven or eight-year-old child, they most absolutely don't want to be detected. As a result, ladies and gentlemen, you rarely, if ever will have witnesses. You'll only generally have two witnesses, [BLB] – |
| [DEFENSE COUNSEL]: | Objection, your Honor. |
| THE COURT: | I'll allow it. |
| [PROSECUTION]: | -- and the person having sex with [BLB], the defendant. [BLB] came into this courtroom, she took that stand, she raised her right hand, she swore to tell you the truth, and she told you everything over a four-year period that this defendant did to her. And once again, I suggest her testimony was logical, it was |

> reasonable, and it was credible we're going to go over it.

(May 11, 2017 Tr. 49-50.)  The trial court overruled an objection by defense counsel after the prosecution made further argument by comparing this case to other cases tried without corroboration, on the grounds that defense counsel opened the door and, as such, the court gave the prosecutor leeway.  (May 11, 2017 Tr. 50.)  The prosecution then argued

> Every day myself and other assistants try cases with just children testifying.  So this nonsense that the detective needed to get a confession because he needed corroboration.  You can believe the word of a child alone, and that in of itself is enough to convict.  And every day in this courthouse we try cases like that.  It just happens in this case that this defendant gives admissions and confesses to it.  So Detective Reppenger didn't know that he needed corroboration.  That's just nonsense.

(May 11, 2017 Tr. 50.)

At the conclusion of the trial, the jury convicted Petitioner of one count of Course of Sexual Conduct Against as Child in the First Degree, in violation of Penal Law §§ 130.50(4), and Petitioner was sentenced to seventeen years imprisonment with five years post-release supervision.  *See* Sentencing Tr., DE 8-2.

The petitioner pursued an appeal in the state court system; the Appellate Division affirmed Petitioner's judgment of conviction.  *People v. JeanCharles*, 173 A.D.3d 902, 902-03, 100 N.Y.S.3d 533, 553 (2019).  Petitioner raised five issues: (1) that the prosecution made improper summation comments vouching for the complainant's credibility; (2) that the prosecution made improper summation comments by comparing the instant matter to other one-witness cases; (3) that the detective's testimony regarding the complainant's credibility violated Petitioner's due process rights; (4) that Petitioner's statements were erroneously admitted as they were unknowing and involuntary; and (5) that Petitioner's sentence was excessive.  (*See* App.

Br., DE 8, ECF pp. 2-49.) The Appellate Division held that Petitioner's statements were made voluntarily after he knowingly, intelligently, and voluntarily waived his *Miranda* rights, and that Petitioner's claim that the prosecutor's summation comments deprived him of his right to a fair trial was without merit as the comments were either fair comment on the evidence and reasonable inferences, or fair response to defense counsel's summation arguments. *JeanCharles*, 173 A.D.3d at 902 (internal citations omitted). Regarding Petitioner's claim that the detective's testimony violated due process, the Appellate Division found that contention to be without merit. *Id.* Petitioner sought leave to appeal to the New York State Court of Appeals on the sole issue of whether the summation comments violated Petitioner's right to a fair trial. On September 5, 2019, the Court of Appeals denied Petitioner's leave application. *People v. JeanCharles*, 34 N.Y.3d 951, 134 N.E.3d 649 (2019).

## II. DISCUSSION

### A. Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

**B. The Instant Petition**

As noted, petitioner seeks habeas relief on the following grounds: (1) the prosecution's summation comments denied his right to a fair trial; (2) the trial court committed error by allowing Detective Reppenger to purportedly vouch for BLB's credibility; and (3) Petitioner's statements were erroneously admitted as they were unknowing and involuntary. Petitioner's claims do not support habeas relief. To the extent that factually-based claims were fully considered by the state court, such determinations must be given deference by this Court under the AEDPA.[3] *People v. JeanCharles*, 173 A.D.3d 902, 902-03, 100 N.Y.S.3d 533, 553 (2019). Petitioner cannot proceed on claims that are were not fully exhausted and hence subject to the procedural bar,[4] as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice."[5] *Coleman v. Thompson*, 501 U.S.

---

[3] "A criminal conviction 'is not to be lightly overturned on the basis of a prosecutor's comments standing alone' in an otherwise fair proceeding." *Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir. 1991) (quoting *United States v. Young*, 470 U.S. 1, 11 (1985)). For constitutional error, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotations and citations omitted). Rather, the prosecutor's comments "must represent 'egregious misconduct.'" *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974)). "[B]oth New York and federal law recognize the prosecutor's right to rebut attacks on witness credibility during summations." *McManus v. Vann*, No. 18-CV-3800, 2019 WL 3767538, at *11 (E.D.N.Y. Aug. 9, 2019), *appeal dismissed*, No. 19-2884, 2020 WL 8024517 (2d Cir. Mar. 30, 2020), cert. denied, No. 20-6025, 2021 WL 78277 (U.S. Jan. 11, 2021). The prosecution is permitted to rebut arguments raised during a defense counsel's summation, "even to the extent of permitting the prosecutor to inject his view of the facts to counter the defense counsel's view of the facts." *Ayala v. Walsh*, No. 05-CV-1497, 2009 WL 4282034, at *6 (E.D.N.Y. Nov. 23, 2009) (internal quotations omitted). "Where a prosecutor's statement is responsive to comments made by defense counsel, the prejudicial effect of such objectionable statements is diminished." *Pilgrim v. Keane*, No. 97-CV-2148, 2000 WL 1772653 at *3 (E.D.N.Y. Nov. 15, 2000).

[4] "In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (internal quotations and citations omitted). In any event, Petitioner's improper bolstering and *Miranda* claims are meritless and/or do not warrant habeas relief.

[5] Even assuming *arguendo* that Petitioner could lift the procedural bar, his *Miranda* claim has no merit. The Fifth Amendment of the United States Constitution provides, in relevant part, that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. Custodial interrogation creates "inherently compelling pressures which work to undermine the individual's will to resist and to compel him to speak where he would not otherwise do so freely," accordingly "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates that use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S.

7

722, 750 (1991). Additionally, some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground.[6]

Thus, the petition is denied in its entirety.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

---

436, 444, 467 (1966). "[W]hen an individual in custody knowingly and voluntarily waives his *Miranda* rights, law enforcement officers may question that individual until he clearly requests an attorney or invokes his right to remain silent." *Allen v. Artus*, No. 09-CV-4562, 2014 WL 1918721 at *14, citing *Davis v. United States*, 512 U.S. 452, 470-71 (1994). Accordingly, the Court finds that the state court's conclusion that Petitioner's statements were knowingly and voluntarily made after waiving his *Miranda* rights is in accordance with clearly-established Supreme Court precedent, and, as such, the Court finds no reason to disturb the state court's determination.

[6] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Such claims do not arise to constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985). Indeed, "the concept of bolstering really has no place as an issue in criminal jurisprudence based in the United States Constitution" and is a state law evidentiary issue. *See Castaldi v. Poole*, No. 07-CV-1420, 2013 WL 789986, at *7 (E.D.N.Y. Mar. 1, 2013)(quotations and citations omitted); *see also Lebron v. Sanders*, No. 02-CV-6327, 2008 WL 793590, at *20 (S.D.N.Y. Mar. 25, 2008) (holding that a violation of New York's "bolstering" rule does not rise to a constitutional violation); *Smith v. Walsh*, No. 00-CV-5672, 2003 WL 22670885, at *6 (E.D.N.Y. Oct. 20, 2003) (holding that a bolstering claim is not a cognizable basis for federal habeas relief).

## IV. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 13, 2022
       Central Islip, New York

/s/ Gary R. Brown

HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE